IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

NANCY BARNER                                                                    APPELLANT

VS.                                        CIVIL ACTION NO.  3:07-CV-00747-DPJ-JCS

SAXON MORTGAGE SERVICES, INC.,
SERVICER FOR DEUTSCHE BANK TRUST
COMPANY AMERICAS                                                                 APPELLEE

ORDER

This bankruptcy dispute is before the Court on Appellant/Debtor Nancy Barner's appeal

of a November 6, 2007 Order of the United States Bankruptcy Court for the Southern District of

Mississippi.  The order granted Appellee Saxon Mortgage Services, Inc.'s motion to determine

that an automatic stay did not preclude foreclosure of Barner's home.  The Court, having fully

considered the parties' submissions and the applicable law, finds that the Bankruptcy Court's

order was proper and should be affirmed.

I.      **Facts/Procedural History**

On October 18, 2004, Appellant/Debtor Nancy Barner filed a Chapter 7 bankruptcy

petition in the United States Bankruptcy Court for the Southern District of Mississippi.  Appellee

Saxon Mortgage Services, Inc. ("Saxon") is a service provider for Deutsche Bank Trust

Company Americas, which owns a deed of trust secured by Barner's principal residence in

Jackson, Mississippi.  Upon Saxon's unopposed motion, the Bankruptcy Court entered an order

dated December 14, 2004, lifting the automatic stay as it applied to Barner's residence.  Barner's

petition was dismissed on January 19, 2005.

Barner filed a subsequent bankruptcy petition on February 1, 2007, just one day before Saxon conducted a scheduled foreclosure sale of Barner's property securing Deutsche Bank's deed of trust.  Barner contends that the foreclosure sale violated the automatic stay provision of 11 U.S.C § 362(a).  On June 27, 2007, Saxon filed a Motion to Determine Automatic Stay is not in Effect and for Other Relief.  The motion sought determination that the December 14, 2004 Order lifting the automatic stay remained effective on the date of the foreclosure and, therefore, the foreclosure was not void.  After a hearing on the merits, the Bankruptcy Court held that the property was not subject to an automatic stay when foreclosed.

Barner filed a timely Notice of Appeal presenting the following issues for review:

1.      Whether the *in rem* order entered by the bankruptcy court lifting the stay in Barner's previous bankruptcy case was effective in her February 1, 2007 Bankruptcy case to trump the provisions of section 362(a), which provides that "a petition filed . . . operates as a stay, applicable to all entities of acts against the debtor or property of the estate?"

2.      Whether *Jefferson v. Mississippi Gulf Coast YMCA, Inc.,* 73 B.R. 179 (S.D. Miss. 1986) was overruled by the Bankruptcy Reform Act of 2005, 11 U.S.C. §362(b)(20)?

3.      Whether the Bankruptcy Court had jurisdiction to determine the effect of the automatic stay in this cause without the filing of an adversary proceeding?

Supplemental Brief of the Appellant at 2.

## II.    Analysis

This Court has jurisdiction to hear an appeal of a Bankruptcy Court order pursuant to 28 U.S.C. § 158.  In a bankruptcy appeal, the court reviews findings of fact under the clearly erroneous standard; conclusions of law are reviewed *de novo*.  *In re Evert*, 342 F.3d 358, 363 (5th Cir. 2003).  In this case, there are no questions of fact as Appellee accepted the facts as set

forth in Appellant's memorandum.  Brief of the Appellee at 3.

  A.  <u>Whether Stay Remained Lifted for the February 1, 2007 Petition</u>

  Appellant's first issue for appeal claims that the Bankruptcy Court erred in failing to

apply § 362(d)(4), which defines the necessary findings for an *in rem* order, and in failing to limit

the effect of the December 14, 2004 Order to a two-year period under § 362(b)(20).  As

explained below, the Court must reject both contentions because these two sections were enacted

after the December 14, 2004 Order and do not apply retroactively.

  Appellant first argues that the December 14, 2004 Order was not an *in rem* order because

it failed to satisfy § 362(d)(4)'s requirement that the order include specific findings "that the

filing of the petition was part of a scheme to delay, hinder, and defraud creditors."  The

December 14, 2004 Order made no such findings, but it was entered under the pre-amendment

version of § 362(d).[1]  Section 362(d)(4) was added as part of the Bankruptcy Abuse Prevention

and Consumer Protection Act of 2005 ("Reform Act"), Pub. L. No. 109-8, 119 Stat. 23 (codified

throughout 11 U.S.C.) and became effective October 17, 2005.  *See* Pub. L. 109-8 §1501, 119

Stat. 216 (providing that the amendments would be effective 180 days from the enactment date

of April 20, 2005).  Thus, no such provision existed when the court entered the December 14,

2004 Order.

  The critical question becomes whether the Reform Act applies retroactively.  "In the

absence of a plain statement of the legislature's intent that a statute be applied retroactively, a

court must ask whether normal rules of statutory construction suggest that a new provision

---

[1] Unamended § 362(d) permitted the bankruptcy court to lift the automatic stay "for
cause," among other reasons, but did not contain the strict requirements of amended § 362(d)(4).

applies to the case before it." *Williams v. Cain,* 117 F.3d 863, 864 (5th Cir. 1997) (citing *Lindh v. Murphy*, 521 U.S. 320, 328 (1997)).  In this case, nothing in the Reform Act evinces legislative intent to retroactively apply the amendment to § 362(d).  To the contrary, § 1501(b)(1) of the Act states that unless "otherwise provided in this Act and Paragraph (2), the amendments made by this Act shall not apply with respect to cases commenced under [T]itle 11, United States Code, before the effective date of this Act."  Other courts considering the amendments have concluded, and this Court agrees, that the statute applies prospectively.  *See, e.g., In re Seymoure*, No. 07-4960, 2008 WL 1809309, at *2 (D.N.J. Apr. 22, 2008).  Accordingly, the requirements of § 362(d)(4) do not govern the December 14, 2004 Order.

Appellant then argued that, even if the December 14, 2004 Order was an *in rem* order, § 362(b)(20) limits the duration of the relief to "a period of 2 years after the date of the entry of such an order."  Appellant correctly quotes the section, but the argument fails because § 362(b)(20) was part of the 2005 amendments.  There is no suggestion that §362(b)(20) applies to orders entered before the amendment's effective date.  In fact, §362(b)(20) is limited by its terms to orders entered "under subsection [362](d)(4)."  The fact that Congress expressly limited § 362(b)(20) to orders under § 362(d)(4), a new statutory provision, further demonstrates the legislative intent to apply these provisions prospectively.  While Congress has now determined that the duration of such relief should be limited, no such limitation existed at the time the Bankruptcy Court entered its order lifting the stay.  Accordingly, the Bankruptcy Court did not err in holding that the December 14, 2004 Order lifting the stay remained in effect beyond § 362(b)(20)'s two-year limit.

B.    Whether the Reform Act Overruled *Jefferson v. Mississippi Gulf Coast YMCA, Inc.*

The second issue for appeal is whether the Bankruptcy Court erred in relying on *Jefferson v. Mississippi Gulf Coast YMCA, Inc.*, 73 B.R. 179 (S.D. Miss. 1986).  In *Jefferson*, the court decided that an *in rem* order lifting the automatic stay entered under the pre-amendments version of 11 U.S.C. § 362(d) remained in effect despite a subsequent bankruptcy filing, provided that the previous bankruptcy involved "the same debtors, the same creditors and the same property." 73 B.R. at 182.  According to Appellant, the Reform Act overruled *Jefferson* with respect to the findings necessary for an *in rem* order and the duration of such orders.  For the reasons stated above, the Court finds that the Reform Act does not apply retroactively and that *Jefferson* remains valid with respect to this pre-amendment order.[2]

C.    The Bankruptcy Court's Jurisdiction

Appellant finally contends that the Bankruptcy Court lacked jurisdiction to enter its November 6, 2007 Order which found that the automatic stay was not in place at the time of foreclosure.  Specifically, Barner maintains that Saxon's Motion to Determine Automatic Stay is not in Effect and for Other Relief sought a declaration of its interest in the Barner residence, which required the filing of an adversary proceeding.

---

[2]Appellant limited her argument before the Bankruptcy Court to the position that Appellee's motion should be denied based on the 2005 amendments found in §§ 362(d)(4) and 362(b)(20).  *See* Memorandum of Debtor at 1-3.  She did not directly argue that *Jefferson*, if valid for pre-amendment orders, was incorrectly applied or that the December 14, 2004 Order was insufficient under pre-2005 standards to constitute an *in rem* order.  The Court limits its review to the issues argued below finding all other issues waived.  *See In re Babcock and Wilcox Co.*, 250 F.3d 955, 961 (5th Cir. 2001) (affirming trial court's holding that issues not presented to bankruptcy court were waived).

5

Rules 7001(2) and (9) of the Federal Rules of Bankruptcy Procedure collectively explain that "a proceeding to obtain a declaratory judgment relating to . . . the validity, priority, or extent of a lien or other interest in property" must be resolved through an adversary proceeding. Conversely, a motion is the proper method for seeking "relief from an automatic stay . . . ." FED. R. BANKR. 4001. This issue therefore turns on the characterization of Saxon's motion in the Bankruptcy Court. Neither party cited binding authority on this point, and the disputed motion, as worded, seems to invoke both rules to some extent. Although a close question, the Court finds that the focus of the motion relates to relief from automatic stay.[3]

Even if the Bankruptcy Court erred in ruling that an adversary proceeding was not necessary, it was harmless. Rule 9005 of the Federal Rules of Bankruptcy Procedure states: "Rule 61 F.R.Civ.P. applies in cases under the Code. When appropriate, the court may order the correction of any error or defect or the cure of any omission which does not affect substantial rights." Rule 61, relating to harmless error, states:

> Unless justice requires otherwise, no error in admitting or excluding evidence--or any other error by the court or a party--is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.

FED. R. CIV. P. 61.

---

[3]Although not addressed by the parties, Saxon's motion relates to the Bankruptcy Court's prior order, and some courts have found that parties may seek enforcement of prior orders through motions. *See In re Navigator Gas Transp. PLC,* 358 B.R. 80, 86 (Bankr. S.D.N.Y. 2006) ("Where enforcement of a prior order of the court is at issue, parties are entitled to proceed by motion, so long as due process concerns are satisfied.") (citing *In re WorldCorp. Inc.*, 252 B.R. 890, 895 (Bankr. D. Del. 2000) (noting bankruptcy courts may enforce orders upon motion)).

Absent prejudice, other courts have found harmless error when bankruptcy courts incorrectly proceeded on motions rather than adversarial proceedings.  *See In re Cannonsburg Envtl. Assocs., Ltd.*, 72 F.3d 1260, 1264 (6th Cir. 1996) ("Although we believe that an adversary proceeding should have been filed instead of a motion in a contested matter, this error constitutes harmless error."); *Ralls v. Docktor Pet Ctrs., Inc.*, 177 B.R. 420, 428-429 (D. Mass. 1995) (finding harmless error in ruling on motion rather than adversarial proceeding); *In re Stacy*, 99 B.R. 142, 146-47 (D. Mass. 1989) (same).

As Saxon notes in its memorandum, there are no disputed facts.  Barner was given full notice of the motion and presented a well-prepared response and memorandum of authorities on what were pure questions of law.  Thereafter, Barner argued her position at a hearing for which she received notice.  Her appeal fails to identify any prejudice or substantial rights that the chosen procedure affected.  Therefore, to the extent this matter should have been pursued as an adversarial proceeding, the error was harmless.

## III.   Conclusion

For the reasons stated herein, the Court determines that the order of the United States Bankruptcy Court for the Southern District of Mississippi is affirmed.

**SO ORDERED AND ADJUDGED** this the 30th day of September, 2008.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE